UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

97 - 4356

CIV - GOLD

-------------------------------------------------------------X

THOMAS TAYLOR and MARY ANN TAYLOR,
Individually and as Co-Administrators of the Estate
of REBECCA TAYLOR, deceased,

Civil Case No.

               Plaintiffs,

      -against-

JEPPESEN-SANDERSON, INC. and
HONEYWELL, INC.

               Defendants.

-------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

      Plaintiffs, THOMAS TAYLOR and MARY ANN TAYLOR, by their attorneys

Kreindler & Kreindler, respectfully allege as follows:

## PARTIES AND JURISDICTION

     1.     Plaintiffs, THOMAS TAYLOR and MARY ANN TAYLOR, [hereinafter

"Plaintiffs"] are the surviving parents of REBECCA TAYLOR, deceased [hereinafter

"Decedent"] and are domiciled in Helena, Arkansas.  Plaintiffs have been appointed co-

administrators of the Estate of the Decedent.  Plaintiffs, individually and as co-administrators

of the Estate of the Decedent, bring this action to recover damages arising from Decedent's

injuries and death on their behalf and on behalf of any other qualifying heirs or beneficiaries,

pursuant to all applicable law.

     2.     At the time of her death, Decedent was domiciled in Helena, Arkansas.

     3.     Defendant JEPPESEN-SANDERSON, INC., [hereinafter "JEPPESEN"], is a

foreign corporation authorized to and conducting substantial business in the State of Florida.

4.     Defendant HONEYWELL, INC., [hereinafter "HONEYWELL"], is a foreign corporation authorized to and conducting substantial business in the State of Florida.

5.     On or prior to December 20, 1995, Defendant JEPPESEN was and still is in the business of designing, manufacturing, testing, inspecting, verifying and selling aviation navigation charts, maps, and approach plates used by pilots and navigational databases used in flight management computers (FMC) aboard commercial aircraft and in flight planning databases.

6.     On or prior to December 20, 1995, Defendant HONEYWELL was and still is in the business of designing, manufacturing, testing, inspecting and selling flight management computers (FMC) used for navigation aboard commercial aircraft.

7.     On or about December 20, 1995, American Airlines owned and operated, a Boeing 757 jet transport aircraft [hereinafter "subject aircraft"] which on December 20, 1995, was designated as American Airlines Flight 965 [hereinafter "Flight 965"].

8.     On or about December 20, 1995 the subject aircraft was equipped with an FMC designed, manufactured, tested, inspected and sold by defendant HONEYWELL.

9.     On or about December 20, 1995 the subject aircraft was equipped with a navigation computer database designed, manufactured, tested, inspected, verified and sold by defendant JEPPESEN.

10.    On or about December 20, 1995 the flight crew of Flight 965 were using and relying upon navigational charts, maps and approach plates designed, manufactured, tested, inspected, verified and sold by defendant JEPPESEN.

11.    On or about December 20, 1995 the flight crew of Flight 965 was using and

2

relying upon a flight plan downloaded from flight planning database designed, manufactured, tested, inspected, verified and sold by defendant JEPPESEN.

12.   On December 20, 1995, while on its approach to Cali, Colombia, the subject aircraft crashed near the town of Buga, Colombia, approximately forty (40) miles north of Cali. As a direct and proximate result of this crash, Decedent suffered serious physical and emotional injuries, including the fear, shock and terror of her impending death, was killed, and otherwise suffered damages, and Decedent's survivors suffered damages.

13.   Jurisdiction of this Court over this claim exists pursuant to 28 U.S.C. § 1332 in that Decedent was a citizen of Arkansas; Defendant JEPPESEN was and is a Colorado corporation with its principal place of business in Colorado; Defendant HONEYWELL was and is a Delaware corporation with its principal place of business in Arizona; and the amount in controversy exceeds the sum of $75,000 excluding interest and costs.

## AS AND FOR A FIRST CAUSE OF ACTION FOR WRONGFUL DEATH, SURVIVAL OR ESTATE DAMAGES FOR THE INJURIES AND DEATH OF REBECCA TAYLOR BASED UPON NEGLIGENCE

14.   Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 13 above as if fully set forth.

15.   Defendants JEPPESEN and HONEYWELL had a continuous duty to use reasonable care and exercise the highest degree of care in designing, manufacturing, testing, inspecting and selling navigational charts, maps, approach plates, databases and FMCs, including those aboard the subject aircraft and used by the flight crew of Flight 965 on December 20, 1995.

3

16.     Upon information and belief, anomalies in the navigational charts, maps, approach plates, database and FMC used by the flight crew of Flight 965 on December 20, 1995 contributed to confusion in the cockpit and contributed to the flight crew becoming lost while attempting an approach to Alfonso Bonilla Aragon Airport on Cali Colombia and such confusion contributed to the crash.

17.     Upon information and belief the death of REBECCA TAYLOR and resulting damages were proximately contributed to by negligence of defendants JEPPESEN and HONEYWELL in designing, manufacturing, testing, verifying inspecting and selling the navigational charts, maps, approach plates, FMC data base, flight planning database and the FMC aboard the subject aircraft; in failing to warn and instruct of deficiencies and anomalies in the navigational charts, maps, approach plates, FMC data base, flight planning database and the FMC; and defendants JEPPESEN and HONEYWELL were otherwise negligent.

18.     As a direct and proximate result of the aforementioned negligence which, upon information and belief contributed to the crash, Decedent suffered severe conscious physical and emotional injuries, including, but not limited to, emotional distress, shock, fright and terror of impending death, great pain and anguish, was killed, and otherwise suffered damages, and Decedent's survivors suffered great pain and anguish and otherwise suffered damages.

19.     As a result of said crash, Plaintiffs, THOMAS TAYLOR and MARY ANN TAYLOR, Decedent's Estate, and any other qualifying heirs or beneficiaries, as applicable law may provide, have sustained damages, including damages for loss of earnings or support of the Decedent, in money or in kind; loss of Decedent's services; loss of Decedent's love,

care, affection, assistance, attention, solace, comfort, protection, guidance, society and companionship; lost value of Decedent's life; loss of inheritance and/or prospective net estate accumulations; survivors' mental anguish and grief; Decedent's conscious mental and physical pain and suffering; and funeral and burial expenses; and Plaintiffs are entitled to full compensation therefor.

20.    By reason of the foregoing, Plaintiffs are entitled to recover full compensatory damages from Defendants, as will be proven at trial.

## AS AND FOR A SECOND CAUSE OF ACTION FOR WRONGFUL DEATH, SURVIVAL OR ESTATE DAMAGES FOR THE INJURIES AND DEATH OF REBECCA TAYLOR BASED UPON STRICT LIABILITY

21.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 13 and 15 through 19 above, as if fully set forth.

22.    Prior to December 20, 1995, Defendant JEPPESEN designed, manufactured, compiled, tested, inspected and sold and/or placed into the stream of commerce the navigational charts, maps, approach plates, FMC database and flight planning database used on the subject aircraft.   Upon information and belief  the  navigational charts, maps, approach plates, FMC database and flight planning database were defective when used for their intended or foreseeable uses.

23.    Prior to December 20, 1995, Defendant HONEYWELL designed, manufactured, tested, inspected and sold and/or placed into the stream of commerce the FMC and FMC database used on the subject aircraft.   Upon information and belief, the FMC and FMC database was defective when used for its intended or foreseeable uses.

24.    Upon information and belief, at all material times the aforementioned

5

navigational charts, maps, approach plates, FMC database, flight planning database and FMC created an unreasonable risk of harm to passengers aboard American Airlines Flight 965.

25.    At all material times the aforementioned navigational charts, maps, approach plates, FMC database, flight planning database and FMC were in the same or substantially the same condition as when placed into the stream of commerce by JEPPESEN and HONEYWELL.

26.    Upon information and belief, defects in the navigational charts, maps, approach plates, FMC database, flight planning database and FMC and the failure of JEPPESEN and HONEYWELL to give adequate instructions and warnings concerning their use, were a contributing proximate cause of the crash of the subject flight  and the death of REBECCA TAYLOR.

27.    As a result of the aforementioned crash, Decedent suffered severe conscious physical and emotional injuries, including, but not limited to, emotional distress, shock, fright and terror of impending death, great pain and anguish, was killed, and otherwise suffered damages, and Decedent's survivors suffered great pain and anguish and otherwise suffered damages.

28.    Also as a direct and proximate result of the crash, Plaintiffs THOMAS TAYLOR and MARY ANN TAYLOR, Decedent's Estate,  and any other qualifying heirs or beneficiaries as applicable law may provide, have sustained damages, including damages for loss of earnings or support of the Decedent, in money or in kind; loss of Decedent's services; loss of Decedent's love, care, affection, assistance, attention, solace, comfort, protection, guidance, society and companionship; lost value of Decedent's life; loss of

6

inheritance and/or prospective net estate accumulations; survivors' mental anguish and grief;

Decedent's conscious mental and physical pain and suffering; and funeral and burial

expenses; and Plaintiff is entitled to full compensation therefor.

29.    By reason of the foregoing, Plaintiffs are entitled to recover full compensatory

damages from Defendants, as will be proven at trial.

## AS AND FOR A THIRD CAUSE OF ACTION FOR WRONGFUL DEATH, SURVIVAL OR ESTATE DAMAGES FOR THE INJURIES AND DEATH OF REBECCA TAYLOR BASED UPON BREACH OF WARRANTY

30.    Plaintiffs repeat and reallege each and every allegation set forth in paragraphs

1 through 13,  15 through 19 and 22 through 28 above, as if fully set forth.

31.    Prior to December 20, 1995, Defendant JEPPESEN was a merchant with

respect to the navigational charts, maps, approach plates, FMC database and flight planning

database used on the subject aircraft for the subject flight.

32.    Prior to December 20, 1995, Defendant HONEYWELL was a merchant with

respect to the FMC and the FMC database used on the subject aircraft for the subject flight.

33.    Prior to December 20, 1995, Defendant JEPPESEN sold the navigational

charts, maps, approach plates, FMC database and flight planning database used on the

subject aircraft for the subject flight.

34.    Prior to December 20, 1995, Defendant HONEYWELL sold the FMC and the

FMC database used on the subject aircraft for the subject flight.

35.    Prior to December 20, 1995, Defendant JEPPESEN warranted that the

navigational charts, maps, approach plates, FMC database and flight planning database used

on the subject aircraft for the subject flight were of a merchantable quality and fit for the

ordinary and foreseeable use of navigating commercial passenger aircraft.

36.    Prior to December 20, 1995, Defendant HONEYWELL warranted that the FMC and the FMC database used on the subject aircraft for the subject flight were of a merchantable quality and fit for the ordinary and foreseeable use of navigating commercial passenger aircraft .

37.    Defendants HONEYWELL and JEPPESEN knew that pilots and passengers would rely upon these warranties.

38.    Upon information and belief, Defendants HONEYWELL and JEPPESEN breached the warranties of merchantability and fitness for a particular purpose in that the navigational charts, maps, approach plates, FMC, FMC database and flight planning database were not of a merchantable quality and not fit for the ordinary and foreseeable use of navigating commercial passenger aircraft.

39.    Upon  information and belief, breaches of the warranties of  merchantability and fitness for a particular purpose contributed to the subject crash and the death of REBECCA TAYLOR..

40.    As  a  result of  the crash, Decedent suffered severe conscious physical and emotional injuries, including, but not limited to, emotional distress, shock, fright and terror of impending death, great pain and anguish, was killed, and otherwise suffered damages, and Decedent's survivors suffered great pain and anguish and otherwise suffered damages.

41.    Also as a direct and proximate result of  the crash, Plaintiffs THOMAS TAYLOR and MARY ANN TAYLOR, Decedent's Estate,  and any other qualifying heirs or beneficiaries, as applicable law may provide, have sustained damages, including damages for

loss of earnings or support of the Decedent, in money or in kind; loss of Decedent's services; loss of Decedent's love, care, affection, assistance, attention, solace, comfort, protection, guidance, society and companionship; lost value of Decedent's life; loss of inheritance and/or prospective net estate accumulations; survivors' mental anguish and grief; Decedent's conscious mental and physical pain and suffering; and funeral and burial expenses; and Plaintiffs are entitled to full compensation therefor.

42.     By reason of the foregoing, Plaintiffs are entitled to recover full compensatory damages from Defendants, as will be proven at trial.

WHEREFORE, Plaintiffs THOMAS TAYLOR and MARY ANN TAYLOR demands judgment against defendants HONEYWELL and JEPPESEN for damages on the First Cause of Action, the Second Cause of Action and the Third Cause of Action for full damages as will be proven at trial, together with interest, attorneys fees and disbursements associated with this action.

## DEMAND FOR JURY TRIAL

Plaintiffs, THOMAS TAYLOR and MARY ANN TAYLOR, individually and as Co-Administrators of the Estate of REBECCA TAYLOR, demand a trial by jury.

DATED:     Miami, Florida
           December 18, 1997

                              KREINDLER & KREINDLER
                              100 Park Avenue - 18th Floor
                              New York, New York  10017
                              (212) 687-8181

                                        - and -

ANDERSON, MOSS, SHEROUSE & PETROS,
P.A.

By: _____

Edward A. Moss, Esq.
Fla. Bar No. 057016
100 North Biscayne Blvd.-25th Fl.
Miami, Florida  33132
(305) 358-5171
Attorneys for Plaintiffs

10

**97 - 4356**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

THOMAS TAYLOR and MARY ANN TAYLOR, Individually and as Co-Administrators of the Estate of REBECCA TAYLOR, deceased.

## DEFENDANTS

JEPPESEN-SANDERSON, INC., and HONEYWELL, INC.

MAGISTRATE JUDGE TURNOFF

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Arapahoe, CO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

9 1997
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

See attached.

ATTORNEYS (IF KNOWN)

See attached.

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☒ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY  PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane  ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine  PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent  ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
|  | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS  PRISONER PETITIONS | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment  Habeas Corpus |  | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations  ☐ 530 General | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 540 Mandamus & Other |  | ☐ 871 IRS – Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights  ☐ 550 Civil Rights  ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Action for personal injuries and wrongful death arising from an airplane crash. Jurisdiction arises from 28 U.S.C. §1332.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE S. Highsmith  U.S.D.C. Southern District of Florida
DOCKET NUMBER MDL 1125

DATE 12/19/97

SIGNATURE OF ATTORNEY OF RECORD
Edward A. Moss

FOR OFFICE USE ONLY

RECEIPT # 655808  AMOUNT 150.00  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

12/22/97

## ATTACHMENT TO CIVIL COVER SHEET

### (C)   Attorneys for Plaintiff(s)

Marc S. Moller, Esq.
KREINDLER & KREINDLER
100 Park Avenue
New York, New York  10017
(212) 687-8181

Edward A. Moss, Esq.
ANDERSON, MOSS, SHEROUSE & PETROS
100 North Biscayne Boulevard, 25th Floor
Miami, Florida  33132
(305) 358-5171


### (D)   Counsel for Defendants Honeywell and Jeppesen

Rick Dunn, Esq.
RUBIN BAUM LEVIN CONSTANT FRIEDMAN & BILZIN
2500 First Union Financial Center
Miami, Florida  33131

James Hunt, Esq.
MENDES & MOUNT
Citicorp Plaza
725 South Figueroa Street, 19th Floor
Los Angeles, California  90017

William Burd, Esq.
BURD, DOWNS & MAGATHAN
601 Brickell Key Drive
Miami, Florida  33131